**WO**                                                                                         MH

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Randy Carl Eiland,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Dwayne Sigmon,<br><br>　　　　　　Defendant. | No.　CV-23-00926-PHX-MTL (ESW)<br><br>**ORDER** |

　　　　On May 25, 2023, Plaintiff Randy Carl Eiland, who is confined in the Saguaro Correctional Center (SCC), filed a pro se civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis. In a July 14, 2023 Order, the Court denied the deficient Application to Proceed and dismissed the Complaint because it did not comply with Rule 3.4 of the Local Rules of Civil Procedure. The Court gave Plaintiff 30 days to file an amended complaint and either pay the required fees or file a complete in forma pauperis application.

　　　　On August 10, 2023, Plaintiff filed a First Amended Complaint and a second Application to Proceed In Forma Pauperis. In a December 1, 2023, Order, the Court granted Plaintiff's Application to Proceed and dismiss the First Amended Complaint with leave to amend. Plaintiff filed his Second Amended Complaint on January 25, 2024 (Doc. 12). The Court will dismiss the Second Amended Complaint and this action.

. . . .

. . . .

I.      **Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

. . . .

If the Court determines that a pleading can be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc).

**II.  Second Amended Complaint**

In his one-count Second Amended Complaint, Plaintiff claims that his Fourteenth Amendment due process rights were violated when Defendant Dwayne Sigmon, a unit manager at SCC, issued him a disciplinary ticket for failing to report to the medical department. Plaintiff is seeking money damages.

According to Plaintiff, Defendant Sigmon summoned Plaintiff to his office on February 3, 2021, and told him to report to the medical department. When Plaintiff asked Sigmon why he had to go to the medical department, Sigmon said he did not know. Plaintiff responded that he "wouldn't be reporting to medical, as [he was] refusing any medical treatment, etc. at this time per Idaho policy." (Doc. 12 at 3.) Sigmon "got really mad" and began to yell at Plaintiff, telling him he "w[ould] go to medical right this minute." (*Id.* at 4.) Plaintiff again refused, at which point Sigmon stated, "Idaho inmates are going to learn who is BOSS around here real quick like." (*Id.*) Sigmon then had Plaintiff handcuffed and placed in the segregation unit. Plaintiff received a Restrictive Housing Order from Defendant Sigmon and was issued a disciplinary ticket for disobeying an order. Plaintiff's disciplinary ticket stated, "On 02/03/21 at approximately 1545 hrs inmate Eiland, Randy #117287 was given a directive to report to medical at which he refused directive given. Inmate Eiland, Randy #117287 stated he wasn't going to medical because he doesn't do things for staff conv[enie]nce." (*Id.*) Plaintiff remained in segregation until February 8, 2021, when he was released by SCC's Chief of Security "because of the retaliatory act committed by Defendant Sigmon for placing [Plaintiff] within the [SCC] Segregation unit for exercising [his] right to refuse medical service." (*Id.*) Plaintiff claims that Defendant Sigmon violated his right to refuse medical treatment by issuing a retaliatory disciplinary ticket. (*Id.*)

. . . .

### III. Failure to State a Claim

Plaintiff has a constitutional right under the Fourteenth Amendment to refuse medical care. *See Cruzan by Cruzan v. Dir. Mo. Dept. of Health*, 497 U.S. 261, 278 (1990) ("[A] competent person has a constitutionally protected liberty interest in refusing unwanted medical treatment."); *Benson v. Terhune*, 304 F.3d 874, 884 (9th Cir. 2002) ("The due process clause of the Fourteenth Amendment substantively protects a person's rights . . . to refuse unwanted medical treatment, and to receive sufficient information to exercise these rights intelligently."). He also has a substantive due process right to be free from retaliation for exercising that right. *See White v. Napoleon*, 897 F.2d 103, 111 (3d Cir. 1990), *cited with approval in Benson*, 304 F.3d at 885. Plaintiff's allegations do not state a claim on either basis. According to the Second Amended Complaint, Defendant Sigmon ordered Plaintiff to report to the medical department. Sigmon did not order Plaintiff to receive treatment of any kind, and he was expressly unaware of the reason Plaintiff had been summoned to the medical department. Since a visit to the medical department is not tantamount to medical treatment, a disciplinary action premised on Plaintiff's refusal to comply with Sigmon's order did not violate Plaintiff's due process rights. Accordingly, Plaintiff has failed to state a claim under the Due Process Clause.

### IV. Dismissal without Leave to Amend

Because Plaintiff has failed to state a claim in his Second Amended Complaint, the Court will dismiss his Second Amended Complaint. "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). The Court's discretion to deny leave to amend is particularly broad where Plaintiff has previously been permitted to amend his complaint. *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996). Repeated failure to cure deficiencies is one of the factors to be considered in deciding whether justice requires granting leave to amend. *Moore*, 885 F.2d at 538.

Plaintiff has made multiple efforts at crafting a viable complaint and appears unable to do so despite specific instructions from the Court. The Court finds that further

opportunities to amend would be futile.  Therefore, the Court, in its discretion, will dismiss Plaintiff's Second Amended Complaint without leave to amend.

**IT IS ORDERED:**

(1)   The Second Amended Complaint (Doc. 12) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(2)   The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

(3)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 7th day of May 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge